# Exhibit A

{Firm/1050/00041/01511161.DOCX }

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Corner Bar Partners One, LLC d/b/a Marlows Tavern 13, and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Defendant"), and Coley I. Squires ("Squires"), regarding his claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Squires and Corner Bar Partners One, LLC d/b/a Marlows Tavern 13, (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Squires.

## RECITALS

WHEREAS, Squires filed suit against Defendant asserting his claims at issue in this Agreement in the case styled *Coley I. Squires v. Corner Bar Partners One, LLC d/b/a Marlows Tavern 13*, Case No. 1:15-cv-03084-TWT, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendant denies Squires's allegations regarding his claims.

WHEREAS, on January 17, 2017, the Parties arrived at an agreement to settle Squires's claims.

WHEREAS, Defendant denies, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Squires's claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Squires's claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Squires's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Squires and Squires's counsel believe the settlement as provided in this Agreement is in the best interests of Squires and represents a fair, reasonable, and adequate resolution of his claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A.  **Consideration:** In order to resolve Squires's FLSA claims, Defendant agrees to pay a total of $13,000.00 (collectively the "Settlement Payment"):

(i) $1,575.09 to Squires as overtime wages and liquidated damages; and
(ii) $11,424.91 to Squires's counsel for attorney's fees and costs.

B.  **Settlement Payment and Taxes:**

1.  $500.00 of the settlement amount to Squires for overtime claims in Section (A)(i) shall be allocated to settlement of Squires's claim for alleged unpaid overtime (the "W-2 payment"), and the remaining $1,075.09 of the settlement amount to Squires for overtime claims in Section (A)(i) shall be allocated to settlement of Squires's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within fourteen (14) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment for wage damages shall be made within fourteen (14) days of the Court's Approval Order pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than fourteen (14) days from the date of this Agreement.

2.  The payment to Squires's counsel for attorney's fees and costs pursuant to Section (A)(ii) shall be paid to "Pankey & Horlock, LLC" ("Squires's Counsel") by separate check(s) without any deduction for any taxes or other withholdings (the "1099 fee payment") within fourteen (14) days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Squires's Counsel using a W-9 for Pankey & Horlock, LLC, and reported in Box #14 on IRS Form 1099-MISC. The settlement amounts paid to Squires's Counsel for fees and costs constitute payment of Squires's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

3.  Defendant shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Squires is not relying on any information provided by Defendant concerning the tax consequences of payments made under this Agreement. Nothing herein shall operate as a release of Defendant's obligation for the employer's share of FICA and Medicare for the payment in Paragraph A. Squires shall be responsible for any withholding or tax liabilities regarding the 1099 payment as required by law.

4.  Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Squires's Counsel's office by the date provided in this Agreement.

C.  **Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Squires hereby

RELEASES, REMISES, AND FOREVER DISCHARGES Corner Bar Partners One, LLC d/b/a Marlows Tavern 13, all principals and agents, employers and employees, managers, supervisors, lawyers, affiliated companies, tenants, and suppliers and distributors of Defendant and any of its subsidiaries, and any joint tortfeasors and other persons and entities, whether or not specifically named or referred to who may be jointly or severally liable; all primary and excess insurers, reinsurers, indemnitors, predecessors and successors, executors and administrators, heirs and assigns; and all other persons and entities, whether or not specifically named or referred to, which may be liable on behalf of those named or referred to above (collectively the " Released Parties" ) from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Squires may be entitled to under the FLSA, all attorney's fees that Squires may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Squires may be entitled to under the FLSA, and it is expressly agreed that Squires is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Corner Bar Partners One, LLC d/b/a Marlows Tavern 13, its insurers, directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby RELEASE, REMISE, AND FOREVER DISCHARGE Squires from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to his claims released in this Agreement.

**D.     Court Approval:** Within fourteen (14) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Squires's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendant does not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Squires's attorneys' fees to be paid to Squires's Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendant. Defendant denies any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to

revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**H.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**I.     Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**J.     Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**K.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**L.     No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**M.     References and Anti-Retaliation:** Defendant is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply to the extent required by law. Defendant agrees to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating his dates of employment, job title, and last rate of pay, to the extent that information is requested.

**N.     Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**O.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**P.     When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and

execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**Q.     Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**R.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**S.     Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

*[signatures on next page]*

CORNER BAR PARTNERS ONE, LLC
d/b/a MARLOWS TAVERN 13.


By: _____, [Officer Title]

Date: _____


COLEY I. SQUIRES

_____

Date: **02-23-2017**


REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____          _____
Larry A. Pankey, counsel for Squires          Robyn Oliver Webb, counsel for Defendant

Date: _____          Date: _____

{Firm/1050/00041/01511200.DOC }

CORNER BAR PARTNERS ONE, LLC
d/b/a MARLOWS TAVERN 13.

By: /s/ _____, President/Manager [Officer Title]

Date: 2/27/17

Kelly A Peters
Kelly A. Peters
2/27/17

[Notary Seal: Kelly A Peters, Notary Public, Cherokee County, Georgia, My Commission Expires June 08, 2020]

COLEY I. SQUIRES

_____

Date: _____

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____     /s/ Robyn Oliver Webb
Larry A. Pankey, counsel for Squires     Robyn Oliver Webb, counsel for Defendant

Date: _____     Date: 3/2/17

{Firm/1050/00041/01511200.DOC }